UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW JOHN STANKEVICH,<br><br>        Plaintiff,<br><br>   -against-<br><br>THEODORE R. BOHN, ESQ.,<br><br>        Defendant. | 23-CV-4550 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who resides in Fairfax, Virginia, brings this *pro se* action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. He names as the Defendant Theodore R. Bohn, an attorney who resides in New York. By order dated June 8, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint for failure to state a clam and as frivolous.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). Attorneys who proceed *pro se*, however, are not entitled to the special solicitude granted to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all.").

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

The following allegations are drawn from the complaint and its attachments. In 1998, Reverend Joy Powell was convicted of assault and burglary charges.[1] (ECF 1-1, at 1.) Plaintiff, who knew Powell through his own charitable work, "strongly and accurately believed that Joy was wrongfully convicted." (*Id.* at 2.) Because of this belief, Plaintiff asked Bishop Pat Bumgardner, who belonged to Plaintiff's church, for assistance with Powell's criminal appeal. Bumgardner introduced Plaintiff to her own attorney, Defendant Ted Bohn.

Around this same time, Plaintiff enrolled in law school in Mississippi, and left New York. In 2012, before graduating law school, Plaintiff wrote and signed Powell's appeal as the non-attorney brief writer, and requested to litigate her appeal. In response to Plaintiff's assistance,

> Joy wrote to me and the court saying that she had never wanted my assistance, and had filed her own petition without my help. As Joy had signed her name on the appeal that I wrote for her, someone else had clearly coached Joy into

---

[1] Plaintiff's attachments seem to contradict this timeline, suggesting that Joy Powell may not have been convicted until 2007. (ECF 1-2, at 8.)

> humiliating me in federal court by recanting and framing me. The severe
> emotional pain prevented me from thinking clearly. My responding letter to Joy
> confessed how we had conspired to commit perjury in state court, which became a
> public record through the federal court.

(*Id.*)

At some point after Plaintiff enrolled in law school, he mailed Bohn the trial transcripts and Powell's case file, including the only copy of an audio file of 911 calls. Bohn never contacted Powell. Instead, Bohn communicated exclusively with Plaintiff. In support of this allegation, Plaintiff attaches email correspondence between him and Bohn, dating from 2009 to 2012. (*See* ECF 1-2, at 19-39.)

By 2012, the relationship between Plaintiff and Bohn had deteriorated, and Bohn "sabotaged Joy's potential appeal." (ECF 1, at 5.) Bohn did not return the case file to Plaintiff, including the audio file of 911 calls. Because Bohn communicated exclusively with Plaintiff, and because Plaintiff was trying to represent Powell in her appeal, Plaintiff describes himself in the complaint as Bohn's client because Bohn was providing pro bono "casual" legal advice to Plaintiff. (*Id.*) Plaintiff asserts that Bohn's misconduct "lead to a disastrous course of events that derailed [his] professional career, and caused [him] to develop a severe psychiatric condition." (*Id.*)

As a result of what occurred between himself and Bohn, Plaintiff is now "legally psychiatrically disabled," and Plaintiff was "never . . . able to work in the legal profession[] after earning [his] law degree as an honors student." (*Id.*) Plaintiff seeks money damages, and requests that the court equitably toll the statute of limitations.

In 2012, Plaintiff filed a complaint against Magistrate Judge Sarah Netburn, of this court, regarding Plaintiff's attempts to represent Powell in her *habeas corpus* petition filed in the Western District of New York. *See Stankevich v. Netburn*, ECF 1:12-CV-5473, 1 (S.D.N.Y. Dec.

3

6, 2012) ("*Stankevich I*"). The Honorable Loretta A. Preska dismissed the amended complaint, stating,

> The District Court for the Western District has already dismissed Stankevich's § 2254 petition challenging Powell's 2007 conviction because he failed to explain why he should be accorded next friend status. *See Powell v. Kaplan*, No. 12 Civ. 882 (W.D.N.Y. Oct. 10, 2012). [Footnote omitted.] Moreover, in *Powell v. Kaplan*, No. 12 Civ. 954 (W.D.N.Y. Oct. 19, 2012), the court has ordered the government to answer Powell's § 2254 petition challenging her 2007 conviction. Nothing the Court could decide in this action would affect Stankevich's rights to litigate Powell's § 2254 petition pending in the Western District of New York. Plaintiffs' claims, seeking to represent Powell in a *habeas* petition in this Court notwithstanding his failure to comply with the Court's Plan for Student Practice in Civil Actions, thus no longer present a live controversy, and this Court cannot order relief that would remedy the alleged injury. [Footnote omitted.] Accordingly, Plaintiff's Amended Complaint must be dismissed as moot.

*Stankevich I*, ECF 1:12-CV-5473, 11, at 4.

Publicly available records maintained by the Western District of New York show that Powell's *habeas* petition was denied on May 19, 2016. *See Powell v. Kaplan*, No. 12-CV-0882 (W.D.N.Y. May 20, 2016).

## DISCUSSION

### A.   Breach of a Fiduciary Duty

Plaintiff asserts that Bohn, whom Plaintiff alleges was his attorney, breached a fiduciary duty owed to him. To plead a claim for breach of fiduciary duty under New York State law, in the attorney-client context, a client must allege "(i) that a fiduciary duty existed between plaintiff and defendant; (ii) that defendant breached that duty; and (iii) damages resulted from the breach." *Ray v Balestriere Fariello LLP*, No. 18-CV-11211 (KPF), 2019 WL 5212359, at *5 (SDNY Oct. 16, 2019).

In determining the existence of an attorney-client relationship, a court may consider a number of factors, including but not limited to, whether (1) a fee arrangement was entered into, (2) a fee was paid, (3) a written contract or retainer agreement exists indicating that the attorney

4

accepted representation, (4) there was an informal relationship whereby the attorney performed legal services gratuitously, (5) the attorney actually represented the individual, and (6) the purported client believes that the attorney was representing him and whether this belief is reasonable. *First Hawaiian Bank v. Russell & Volkening*, 861 F. Supp. 233, 238 (S.D.N.Y. 1994) (citations omitted).

A unilateral belief by the plaintiff that an attorney-client relationship exists is insufficient to demonstrate that such a relationship exists. *Wei Cheng Chang v. Pi*, 288 A.D.2d 378, 380 (App. Div. 2nd Dept. 2001). Thus, while "'[i]t is true that an attorney-client relationship may arise by words and actions of the parties[,] . . . one party's unilateral beliefs and actions do not confer upon him or her the status of client' or charge an attorney with the duty to provide legal counsel." *H & H Acquisition Corp. v. Fin. Intranet Holdings*, 669 F. Supp. 2d 351, 363 (S.D.N.Y. 2009) (quoting *Solondz v. Barash*, 225 A.D.2d 996, 998 (App. Div. 1996)).

Plaintiff does not assert any facts suggesting that an attorney-client relationship existed between him and Defendant. Rather, the facts suggest that Plaintiff possessed a unilateral belief that Bohn entered into an agreement to represent Plaintiff. For example, the complaint does not include any facts suggesting that Plaintiff and Bohn established a fee arrangement, that Plaintiff paid Bohn any fees, or that Bohn ever accepted representation by providing Plaintiff with a written contract or retainer agreement. Nor does Plaintiff assert that an informal relationship arose where Bohn performed any attorney duties, that Bohn actually represented Plaintiff in any forum, or that Bohn had any duties to perform. Finally, there are no facts suggesting that Plaintiff's belief that Bohn was representing him in any capacity is reasonable. Thus, Plaintiff cannot state a breach of a fiduciary duty claim under New York state law, and the Court

dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Plaintiff's Claims Are Frivolous**

The Court also dismisses the complaint as frivolous because there is no legal theory on which Plaintiff may assert that Bohn breached a duty owed to him. As discussed above, Plaintiff's claim that Bohn and he had an attorney-client relationship has no basis in law. Moreover, the assertion that Bohn *could* represent Plaintiff in any fashion, in any forum, regarding Powell's proceedings has no merit because Plaintiff does not have his own claim that Bohn could present or litigate in any court. Plaintiff's claims are based on an indisputably meritless legal theory that Bohn owed Plaintiff a duty. *See Livingston*, 141 F.3d at 437. Thus, a finding of frivolousness is warranted, and the Court also dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.      Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Attorneys, however, are not entitled to the solicitude given to *pro se* litigants. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all."). Moreover, leave to amend is not required where it would be futile. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the Court finds that Plaintiff cannot state a breach of fiduciary duty claim against Bohn, and that Plaintiff's claims are frivolous, the Court concludes that the defects in Plaintiff's complaint cannot be cured with an amendment. Accordingly, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   August 30, 2023
        New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                        Chief United States District Judge